UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Andrew Monroe, | ) | Civil Action No.: 6:18-561-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Louis, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] [ECF No. 27]. The Magistrate Judge recommends the Court grant Respondent Warden Louis's motion for summary judgment [ECF No. 15] and dismiss as untimely Petitioner Joshua Andrew Monroe's *pro se* petition under 28 U.S.C. § 2254 (the "§ 2254 petition") [ECF No. 1] with prejudice. R&R at 11, 14.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a *de novo* review of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the Court need

---

[1] The Magistrate Judge issued the R&R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), reviewing the § 2254 petition pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

not conduct a *de novo* review of "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R&R, the Court reviews only for clear error. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**[2]

Petitioner, a state inmate at the Perry Correctional Institution of the South Carolina Department of Corrections, brings this action *pro se* under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody against Respondent. *See* Pet. at 1 [ECF No. 1]. In support of his § 2254 petition filed on or about February 22, 2018[3], Petitioner raises two grounds: (1) "the courts erred in not entering into the official record the plea taken by Judge Nicholson"; and (2) "Judge Young erred in replacing Judge Nicholson and not familiarizing himself with the case and then making a sentence on a case that had no official judgment." Pet. at 5, 7 .

On May 22, 2018, Respondent filed the instant motion for summary judgment. [ECF No. 15]. On or about June 15, 2018, Petitioner filed a response in opposition [ECF No. 19], and on June 21, 2018, Respondent filed a reply thereto. [ECF No. 21]. On or about July 3, 2018, Petitioner filed a sur reply. [ECF No. 22]. On January 7, 2019, the Magistrate Judge issued the R&R, recommending the Court grant Respondent's motion for summary judgment and dismiss the case because Petitioner's grounds for relief are procedurally barred as untimely and, furthermore, fail on the merits. *See* R&R

---

[2]  The R&R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards. *See* R&R at 1–7.

[3]  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's pleading is filed at the moment of delivery to prisoner authorities for forwarding to the district court).

at 7–11 (untimeliness), 11–13 (merits review). Also, the R&R declines to address an additional ground raised for the first time in Petitioner's response to the motion for summary judgment. R&R at 14. The Magistrate Judge specifically advised the parties of the procedure for filing objections to the R&R and the consequences if they failed to do so. R&R at 15.

On or about February 14, 2019, after receiving an extension of time, Petitioner timely filed objections to the R&R. [ECF No. 36]. In his objections, Petitioner asserts the Magistrate Judge erred in: (1) finding that the § 2254 petition is barred by the AEDPA statute of limitations, Objs. at 1–3; (2) adopting Respondent's "mischaracterization" of the state court record, *id.* at 3–4; (3) the factual findings on the § 2254 petition's second ground, *id.* at 4–5; and (4) failing to consider Petitioner's new allegations raised via his response in opposition to the motion for summary judgment. *Id.* at 6–7.

### 1. First Objection

In the first objection, Petitioner argues his petition is timely because remittitur was issued on October 11, 2012. Objs. at 2. He further contends that even if it was untimely, he is entitled to equitable tolling. *Id.* at 3. As explained below, the Court agrees with the R&R that the § 2254 petition was untimely by one day and Petitioner is not entitled to equitable tolling.

#### *a. Timeliness*

As applied to this case, the AEDPA's one-year statutory deadline runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Properly filed applications for state post-conviction or other collateral review ("PCR proceedings") toll this deadline. 28 U.S.C. § 2244(d)(2). This means that state PCR proceedings suspend the one-year deadline; they do not restart the clock. *Harris v. Hutchinson*, 209 F.3d 325, 327–28 (4th Cir. 2000). Here, Petitioner was sentenced on February 3, 2011, and his

3

notice of direct appeal was dismissed on September 18, 2012. His time for seeking a petition for rehearing expired 15 days later; therefore, his conviction became final on October 3, 2012—the date the one-year AEDPA deadline commenced. *See* Rule 221(a), SCACR (15-day deadline). On September 17, 2013—349 days after the AEDPA deadline began to run and with 16 days left—Petitioner timely filed a state PCR application,[4] stopping the AEDPA clock. [*See* ECF No. 16-1 at 85]. The state PCR action concluded on February 5, 2018, when the Clerk of Court filed the remittitur from the PCR appeal, [*see* ECF No. 16-14], and the AEDPA clock began to run again with 16 days left. *Von Long v. Warden, Broad River Corr. Inst.*, Civil Action No.: 4:18-cv-02223-RBH, 2018 WL 5800848 (D.S.C. Nov. 6, 2018) (citing *Beatty v. Rawski*, 97 F. Supp. 3d 768, 775–76 (D.S.C. 2015)) (holding that, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), final disposition of a PCR proceeding in South Carolina occurs when the remittitur is filed in the state circuit court). On February 21, 2018, the AEDPA deadline expired. On February 22, 2018, Petitioner filed the § 2254 petition, untimely by one day. Therefore, the Court agrees with the R&R that the § 2254 petition is barred as untimely by the AEDPA's one-year deadline.

### b. *Equitable Tolling*

Petitioner asserts equitable tolling is warranted because he "was not informed of the dismissal of his direct appeal until March 21, 2013 upon receiving [notice] from Chief Appellate Defender Robert M. Dudek." Objs. at 4. To equitably toll the AEDPA deadline, Petitioner has the burden of showing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Von Long*, 2018 WL 5800848, at *2 (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). The Court agrees with the R&R that Petitioner is not entitled to equitable

---

[4] *See Gary v. State*, 557 S.E.2d 662, 663 (S.C. 2001) (citing S.C. Code § 17-27-40) (in South Carolina, filing of state PCR petition occurs when the application is delivered to and received by the Clerk of Court).

tolling because he has not shown that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing his petition. Even if tolling applied, his claim would still fail.

### 2. Second and Third Objections

Petitioner's second and third objections are essentially the same. In the second objection, Petitioner claims there is no official record of his state court proceedings. Objs. at 3. The third objection is based on an allegedly "inaccurate transcript" of the state court proceedings. Objs. at 4–5. The Court agrees with the R&R that although Petitioner alleges there is no official record of his proceedings, Respondent has provided a transcript of his plea and sentencing hearing. [*See* ECF No. 16-1]. Moreover, the Charleston County Clerk of Court maintains a valid record of sentencing, as the Clerk of Court has certified the copies of the sentencing sheets, which are attached to Respondent's memorandum in support of summary judgment. [*See* ECF No. 16-2]. Accordingly, there is an official and accurate record of Petitioner's state court proceedings that the Magistrate Judge properly considered. Regardless, because these claims lie in state law and procedure, they are not cognizable under § 2254. *See Wilson v. Cocoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.").

### 4. Fourth Objection

In the fourth objection, Petitioner asserts the Magistrate Judge erred in refusing to consider his claim of ineffective assistance of counsel raised for the first time in Petitioner's response to summary judgment. The R&R correctly notes that it is "well-settled in this district that new matters cannot be raised in a response to a motion for summary judgment." R&R at 14 (citing *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992); *Neumon v. Cartledge*, C.A. No. 8:14-cv-2256-RMG, 2015 WL 4607732, at *9 n.9 (D.S.C. July 31, 2015)). The Court agrees and will not consider

5

this new allegation. Accordingly, Petitioner's fourth objection lacks merits.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has thoroughly reviewed the entire record, including the R&R and objections, and the applicable law. For the foregoing reasons, the Court adopts and incorporates by reference the R&R [ECF No. 27]. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 15] and **DISMISSES** Petitioner's § 2254 petition [ECF No. 1] with prejudice. Furthermore, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Florence, South Carolina  
March 15, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge